IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH WADE GILMORE, #1125778,  §<br>Petitioner  §<br>  §<br>VS.  §<br>  §<br>DOUG DRETKE, Director,  §<br>Texas Department of Criminal Justice,  §<br>Correctional Institutions Division,  §<br>Respondent  § | CIVIL ACTION NO.  3:04-CV-2608-B |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has been previously referred to the undersigned United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner Joseph Wade Gilmore ("Gilmore" or "Petitioner") is confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Huntsville, Texas. Respondent is the Director of TDCJ-CID.

**Statement of the Case:** Having waived a jury trial Gilmore entered a plea of not guilty to the offense of aggravated robbery with a deadly weapon, enhanced by two prior convictions, alleged in the information filed in Cause Number F-0239788-TL. The court found him guilty of

1

the primary offense and upon his plea of "true" to the to the enhancement paragraphs, the judge sentenced him to forty years in the penitentiary on September 19, 2002.

On November 27, 2002, Gilmore filed a motion to reduce sentence in the trial court. *See* No. 05-03-1208-Cf [No. F-02-39788-TL], Clerk's Record, v.1 at 008-12. No action was taken on the motion.[1] Thereafter, in a letter to the court clerk dated June 27, 2003, he requested appointment of an attorney to effect an appeal from his conviction, *id.* at 013, and on July 13, 2003, the trial court appointed George Conkey as counsel on appeal. *Id.* at 021. On August 25, 2003, the clerk certified the record, *id.* at 025, which in turn was filed in the Fifth Court of Appeals at Dallas on August 29, 2003 and assigned appellate number 05-03-1208-CR.

Gilmore's court-appointed appellate attorney filed a motion to withdraw in the appellate court on January 20, 2004 in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) together with his brief setting out reasons why any colorable grounds for relief were frivolous, copies of which were sent to Petitioner.

On January 30, 2004, the Fifth Court of Appeals filed its memorandum opinion, dismissing Gilmore's appeal for want of jurisdiction, and its judgment, which dismissed counsel's motion to withdraw as moot. 2004 WL 178942 (Tex. App. - Dallas Jan 30, 2004).

Gilmore filed an application for habeas corpus pursuant to Tex. Code Crim. P. art. 11.07 on May 24, 2004. It was denied without written order on the findings of the trial court without a hearing on August 25, 2004. *Ex Parte Gilmore*, Appl. No. 59,696-01 at cover.

---

[1] Although the appellate court suggested that the motion to reduce sentence was treated as a notice of appeal by the trial court, *See* No. 05-03-01208-CR, memorandum opinion, *infra*, such assumption appears to be erroneous since neither the motion itself, nor the proposed order constitutes a notice of appeal. Moreover, the trial court did not appoint counsel until Gilmore's letter dated June 27, 2003 was received.

Petitioner filed the instant habeas petition on December 7, 2004. In response to the petition and this court's show cause order Respondent filed an answer contending that Gilmore's petition was barred by limitations.

**Findings and Conclusions:**

In his petition Gilmore alleges that he was denied his right to appeal due to ineffective assistance of counsel, his counsel prepared inadequately for trial, inadmissable hearsay was allowed during his trial, and his confession was made under duress. Petitioner's allegations need not be addressed on the merits because he has failed to file his petition within the statutory period required by § 2244(d)(1).[2]

Gilmore filed his habeas petition on December 7, 2004, and it is thus subject to the one year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997). Petitioner's conviction become final for the purposes of the AEDPA on October 20, 2002, thirty days after his conviction and the time within which to file a notice of appeal had expired. *See* Tex. R. App. P. 4.1(a) and 26.2(a)(1).[3] He filed his first art. 11.07 application on May 24, 2004. *See* No. 59,696-01 at 2. The one year period expired 216 days before his application was filed[4] and

---

[2] In addressing the merits of Gilmore's art. 11.07 application the trial court found that his trial attorney's affidavit that he informed Petitioner of his right to appeal was truthful and dispositive of his claim that his attorney failed to file a timely notice of appeal. *See* No. 59,696-01 at 28 and 31.

[3] *See also* No. 05-03-01208-CR, opinion delivered on January 30, 2004, and *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) - "if an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal."

[4] Petitioner's art. 11.07 application did not toll the statute of limitations, as it had already expired when it was filed. *See, e.g., Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).

3

Gilmore filed his federal habeas application 413 days after the statute of limitations had expired. Therefore his petition is time-barred, absent equitable tolling.

Petitioner contends that he is entitled to equitable tolling.  "[T]he equitable tolling doctrine is to be applied only if the relevant facts present sufficiently rare and exceptional circumstances that would warrant application of the doctrine … equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *E.g., Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999)(internal citations omitted); *see also In re Hearn*, 376 F.3d 447, 456 (5th Cir. 2004)(AEDPA limitations subject to equitable tolling in "rare and exceptional circumstances")(quoting *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).  Petitioner has not alleged any exceptional circumstances which would mandate equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the district court find that the petition is time barred and dismiss the petition.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

**SIGNED** this 1st day of August, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.

4

1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.